JUSTICE TRIEWEILER
specially concurring.
I concur with the majority’s conclusions and reasoning in their discussion of Issues 2 and 3.
I specially concur with the majority’s holding under Issue 1, but disagree with the legal rationale for that holding.
I do not agree that Bob was precluded by judicial estoppel from offering testimony at trial which contradicted statements that he made prior to trial. I especially disagree that he was precluded from doing so by § 26-1-601(1), MCA, which I conclude is inapplicable to the facts of this case.
However, the basis for Bob’s appeal from the District Court’s valuation of his recycling machine investment is that there was no evidence to support the value arrived at by the District Court. I disagree.
Pursuant to Rule 801(d)(1)(A), M.R.Evid., prior inconsistent statements of a witness are admissible as substantive evidence. See Rule 801(d), Commission Comment. In this case, Bob’s supplemental answer to Interrogatory No. 26, which was filed with the District Court prior to trial, was a prior statement inconsistent with his trial testimony and provided sufficient substantive evidence to support the District Court’s finding that Bob’s lease with Recycle Technologies was worth $30,000.
For these reasons, I specially concur with the conclusion of the majority that the judgment of the District Court should be affirmed.